IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PAUL RICHARDSON, | : | |
| Plaintiff, | : | |
| | : | NO. 5:09-CV-33 (MTT) |
| VS. | : | |
| VAN PEAVY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Deborah Futch, R.N.. (Doc. 22) and a Motion for Summary Judgment filed by Defendant Van Peavy (Doc. 24). For the reasons set forth below, it is hereby **RECOMMENDED** that both motions be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

The facts, taken in the light most favorable to Plaintiff, are as follows: On December 30, 2008, while incarcerated in the Dooly County, Georgia Jail, Plaintiff submitted a sick call request complaining of a toothache. On December 31, 2008, Plaintiff was examined by defendant Futch. After consultation with and at the explicit direction of the jail's physician Dr. Walter Smith, she prescribed a ten (10) day course of oral pain medication and antibiotics for Plaintiff. The medications were administered to Plaintiff from December 31, 2008 until January 6, 2009. On January 6, 2009, jail personnel discovered that Plaintiff had not been taking his medications as directed but was instead holding them in his shirt pocket in order to take them several hours later. Nurse Futch was notified of the jailers' discovery and the pills then in Plaintiff's possession were confiscated. The next day, Nurse Futch discussed Plaintiff's actions with Dr. Smith. Dr. Smith ordered that Plaintiff's medications be discontinued. Plaintiff states that he continued to report to med call for the next three days, but that Nurse Futch refused to provide him with medication.

On January 18, 2009, Plaintiff filed a grievance complaining that defendant Futch had improperly discontinued his medications. The grievance was denied. In the written explanation for the denial, Plaintiff was once again notified that, in order to be put back on medication, he would need to submit a sick call request and be re-evaluated by the medical staff. The following day, Plaintiff executed the instant complaint asserting that the defendants' discontinuation of his medication and subsequent refusal to put him back on medication and/or refer him to a dentist for additional treatment violated his constitutional rights. Doc. 1. In response, and after waiving personal service and filing an answer, defendant Futch filed the instant motion seeking summary judgment.

## DISCUSSION

Plaintiff has failed to present evidence sufficient to create a genuine issue of material fact with regard to his claims against Nurse Futch. To establish a violation of the Eighth Amendment related to medical treatment, a prisoner must show that the defendant official was deliberately indifferent to serious medical needs. Estelle v. Gamble, 510 F.3d 1312, 1326 (11th Cir. 2007). The evidence in this case, viewed in the light most favorable to Plaintiff, is insufficient to permit a reasonable jury to find that Plaintiff had a serious medical need or that Nurse Futch exhibited deliberate indifference.

Plaintiff has failed to present evidence that he had a serious medical need. "A medical need that is serious enough to satisfy the objective component 'is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007)(quoting Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). The record shows that Plaintiff first complained of a toothache on December 30, 2009. There is nothing in the record to show that this toothache posed a risk of serious harm or caused serious pain.

Plaintiff's affidavit indicates that the Tylenol he received was sufficient to relieve the pain, although he contends that the effects of the Tylenol would not last through an entire night. Plaintiff filed the present lawsuit less than three weeks after his medication was confiscated, and there is nothing in the record to indicate that he suffered any injury during that period. There is no indication that Plaintiff made any further sick call requests after filing his January 18, 2010 grievance. The record does show that Dr. Smith referred Plaintiff to a dentist on March 18, 2010, and that the dentist extracted a single tooth without complications, but there is no evidence to show that such an extraction was required earlier or that Plaintiff's condition worsened during the period prior to the extraction.

Plaintiff has also failed to present evidence to support a finding that Nurse Futch acted with deliberate indifference. To show deliberate indifference, Plaintiff must prove that Nurse Futch had subjective knowledge of a risk of serious harm, that she disregarded that risk, and that her conduct amounted to more than even gross negligence. Goebert, 510 F.3d at 1327. According to his own affidavit, Plaintiff was seen by Nurse Futch the day after he submitted a sick call request complaining of a toothache. After examining Plaintiff's mouth and consulting with Dr. Smith, Nurse Futch prescribed a ten-day course of pain medication and antibiotics. Plaintiff continued to receive these medications for six days, until he was found to be holding his medications rather than taking them as directed. The undisputed facts show, therefore, that Plaintiff was promptly provided with medical care for the condition he claimed. Plaintiff has failed to show that Nurse Futch had reason to believe Plaintiff was at risk of suffering serious harm or that the treatment Nurse Futch prescribed was so inadequate that it amounted to more than gross negligence.

Because the evidence is insufficient to create a genuine issue of material fact, and because Nurse Futch is entitled to judgment as a matter of law based on the facts as construed in the light most favorable to Plaintiff, **IT IS RECOMMENDED** that defendant Futch's Motion for Summary

Judgment be **GRANTED**.

Also before the court is a motion seeking summary judgment filed by defendant Van Peavy, Sheriff of Dooly County, Georgia. Doc. 24. Sheriff Peavy's inclusion as a defendant in this case appears to be premised entirely upon his position of authority over the operation of the Dooly County Jail. Plaintiff has made no allegation that Sheriff Peavy acted in any way to deprive him of constitutional rights. A supervisory official can be held liable under Section 1983 only where that official "personally participated in the allegedly unconstitutional conduct." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). In the absence of any evidence that Sheriff Peavy did anything related to Plaintiff's medical care, he is entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that defendant Peavy's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of December, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge